## In re the Disciplinary Matter Involving Michelle V. MINOR, Respondent Attorney.

No. 6878.

Supreme Court of Alaska.

Feb. 10, 1983.

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

Paul L. Davis and Lee Holen, Boyko & Davis, Anchorage, for respondent.

Richard J. Ray, Anchorage, for Alaska Bar Association.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

The present case is before this court pursuant to Alaska Bar Rule II–15(j).[1] At issue is whether the Disciplinary Board of the Alaska Bar Association properly concluded that Michelle Minor, an attorney licensed to practice law in the State of Alaska, should be disciplined by public censure for her violation of the Alaska Bar Rules.

The Hearing Committee of the Alaska Bar Association ("the Committee") recommended that Minor be disciplined by public censure for her failure to answer a Request for Investigation in conformity with Alaska Bar Rule II–11(b).[2] No appeal or objection to the Committee's report was filed. The Disciplinary Board adopted the Hearing Committee's findings of fact and recommendation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 1981, a letter was sent to Minor by the Alaska Bar Association informing her that a formal disciplinary complaint had been filed against her.[3] The letter cited Alaska Bar Rule II–14(c)[4] and requested disclosure of all pertinent facts and circumstances relevant to the complaint within twenty days. Upon Minor's failure to respond to the initial request, a second letter was sent on August 11, 1981, which granted Minor an additional ten days during which to respond.

---

1. Alaska Bar Rule II–15(j) states in pertinent part:

    If the Board has recommended discipline as provided in Rule 12(a), (b) or (c), the Board shall submit the record, which shall include a transcript of all proceedings before the Board, with briefs to be submitted in accordance with Appellate Rule 212. . . . The Court shall review the record and briefs and enter an appropriate order . . . .

2. Alaska Bar Rule II–11 designates grounds for disciplinary action. Included in Rule II–11 is "(b) Failure to answer a Request for Investigation or formal complaint in conformity with the Alaska Bar Rules."

3. The underlying complaint relates to a prior case in which Minor represented a military dependent in a personal injury action. In a letter dated September 20, 1976, to the United States Air Force, Minor stated that she agreed to assert the Air Force's claim for reimbursement in accordance with the terms and conditions the parties had previously agreed upon. The action, however, was apparently settled without regard to the alleged Air Force lien on the settlement. Subsequently, the Air Force filed the formal disciplinary complaint. The Committee did not reach the allegations made in this complaint, and instead only considered Minor's failure to answer the Request for Investigation of the complaint.

4. Alaska Bar Rule II–14(c) requires the respondent attorney to make a full and fair disclosure of all facts and circumstances pertaining to his or her alleged misconduct upon the request of the Alaska Bar Association Administrator.

On September 10, 1981, Minor responded by letter to the Alaska Bar Association, stating that she had just discovered the previous letters and that she would respond promptly. In her letter, Minor explained that she had found the Bar Association's letters while cleaning the desk of her former office manager. She stated that although the complaint referred to a matter located in her closed files, she would have an opportunity to locate and review the file in "the next few days." Minor, however, did not respond. Another letter was sent on October 29, 1981, which again requested disclosure.

In a subsequent letter, Minor stated that she was leaving on an extended deposition trip, but that she would provide a full response upon her return during the week of November 16. A letter was sent by the Alaska Bar Association on November 6, informing Minor that she would be permitted to submit a response no later than November 18. Minor responded by letter on November 21, but did not and apparently never has complied with a prior request that was made for the production of documents.

Minor testified before the Committee at length regarding her reasons for not reviewing the file. She stated that the file had been placed in storage by a former employee who, upon being discharged, had taken the only key to the storage area with her. Minor further stated that she did not locate the employee to obtain the key until the end of October.

The Committee made the following findings of fact:

1) Minor did very little to locate the requested material and to advance the investigation of the complaint;

2) Minor either assigned the matter a very low priority or did not take the matter seriously; and,

3) Minor's explanations were not in accord with the "clear meaning of Alaska Bar Rule [II–]32, which orders disciplinary matters to take precedence over all matters pending before any court or agency."

The Committee's findings were based, in part, on Minor's testimony. Specifically, the Committee cited Minor's testimony regarding her deposition trip. Minor testified that half of this time was spent vacationing in Mexico. With reference to her attempts to secure the necessary file, the Committee found that Minor's testimony "very clearly established a serious lack of adequate office procedures, and further demonstrated very poor organization for the retention and retrieval of important client material." Finally, the Committee noted that Minor's testimony that the "press" of business precluded her review of the requested material reflected the low priority Minor gave to the Alaska Bar Association's request for disclosure.

## II. DISCIPLINARY SANCTIONS

■ The single issue raised by Minor is whether her failure to respond to the Alaska Bar Association's request for "full and fair disclosure" warrants the disciplinary sanction of public censure. When determining whether it is appropriate to discipline an attorney, "this court must independently review all factual circumstances surrounding the conduct in dispute." *In re Simpson,* 645 P.2d 1223, 1226 (Alaska 1982). Moreover, we need not accept the Disciplinary Board's recommendation for sanctions, but "may exercise our own independent judgment." *Id.* at 1228.

Minor's repeated failure to respond to the Alaska Bar Association's request for information is well documented in the record. Although Minor evidently regards her November 21, 1981, letter as constituting compliance with the request, it does not appear that full disclosure has yet been made.[5] Minor, however, does not argue to this

---

**5.** Although Minor sent a formal response on November 21, 1981, she has not responded to a subpoena for the production of documents. In her letter, and at the hearing, Minor objected to the production of documents on two grounds: that the requested records would violate an attorney-client privilege and that the subpoena was technically insufficient to compel the production of any materials.

court that she has made a full and fair disclosure. Instead, she argues that public censure is too severe a punishment for her offense.

 In deciding what discipline is appropriate, "each case must be decided on its own facts; there are no fixed standards as to the appropriate remedy." *Olguin v. State Bar of California,* 28 Cal.3d 195, 167 Cal.Rptr. 876, 879, 616 P.2d 858, 861 (Cal. 1980). The determination of the discipline to be imposed is based on a "balanced consideration of [all] relevant factors." *Spindell v. State Bar of California,* 13 Cal.3d 253, 118 Cal.Rptr. 480, 486, 530 P.2d 168, 174 (Cal.1975). These factors include whether there are mitigating circumstances, what efforts the respondent has made to remedy the problem, and the respondent's prior disciplinary record. *See In re Simpson,* 645 P.2d at 1228. In *In re Zderic,* 92 Wash.2d 777, 600 P.2d 1297, 1302 (Wash.1979), the Washington Supreme Court delineated additional factors to be considered, including: "1) the seriousness and circumstances of the offense; 2) avoidance of repetition; 3) deterrent effect upon others; 4) maintaining respect for the legal profession; and, 5) assurance that those who seek legal services will be insulated from unprofessional conduct."

The record bears no evidence of mitigating factors or any attempt by Minor to remedy the apparent problems that underlie this action, such as Minor's lack of well-defined internal office procedures.[6] On the other hand, Minor does not have a prior disciplinary record. However, the full and fair disclosure of facts and circumstances pertaining to alleged misconduct is fundamental to the Disciplinary Board's task of investigating complaints. In this context, Minor's offense is serious.

 We view an attorney's failure to respond to a Request for Investigation, in violation of Alaska Bar Rule II–11(b), as a serious offense. We thus conclude that the

sanction of public censure is appropriate. Only by this sanction will the Disciplinary Board be assured of the cooperation of attorneys against whom complaints have been filed. Furthermore, this sanction will assure the public that their grievances against attorneys will be investigated and resolved promptly and impartially. In this fashion, respect for the legal profession can be maintained.

### III. CONCLUSION

In light of the seriousness with which we view an attorney's failure to cooperate with the Disciplinary Board when it is investigating a complaint against that attorney, we affirm the recommendation of the Disciplinary Board that Minor be publicly censured.

IT IS ORDERED:

Michelle V. Minor is publicly censured for her violation of Alaska Bar Rule II–11(b).

CONNOR, J., not participating.

---

6. Both in her letters to the Bar Association and in her testimony before the Board, Minor described the problems she was experiencing with her office staff and the fact that she was very busy attending to business matters. Aside from these stated reasons, Minor does not offer any evidence of mitigating circumstances.