**In re the Disciplinary Matter Involving Melchor P. EVANS, Respondent Attorney.**

**No. 7271.**

Supreme Court of Alaska.

March 11, 1983.

---

Melchor P. Evans, Ben Esch, Dickson, Evans & Esch, Anchorage, for respondent.

Richard J. Ray, Anchorage, for Alaska Bar Association.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

The issue in this case is whether public censure is an appropriate sanction for the failure of Melchor P. Evans, an attorney licensed to practice law in the State of Alaska, to respond to a request for investigation as required by the Alaska Bar Rules. For the reasons stated below, we hold that it is.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 1980, Daryl Methvin, a former client of Evans, submitted a letter of formal complaint to the Alaska Bar Association. The letter stated that Methvin retained Evans to defend him in a civil action involving the sale of real property. Judgment was entered against Methvin in December 1979 for $9,699.00 plus costs and attorney's fees. Methvin alleged that sometime after the completion of trial, Evans agreed to file a small claims action and complete a foreclosure proceeding, but that Evans has not done anything since then. Furthermore, he alleged that Evans has ceased to return his phone calls or respond to his correspondence.

Treating Methvin's letter as a Request for Investigation pursuant to Alaska Bar

Rule II–14(c),[1] the Alaska Bar Association transmitted Methvin's letter to Evans on December 23, 1980, and requested disclosure of all pertinent facts within twenty days. When Evans failed to respond, a second letter was sent on February 20, 1981, which granted Evans an additional ten days to respond and advised him that if he did not so respond, the allegations contained in Methvin's complaint would be assumed admitted.

Still receiving no response, the Alaska Bar Association sent letters on November 3, 1981, and on December 17, 1981. The December 17 letter informed Evans that he was in violation of Alaska Bar Rules II–11(b)[2] and II–14(c) and that disciplinary measures would be necessary if no response were received by 5:00 p.m. on December 21, 1981. On December 17, 1981, a colleague of Evans appeared at the Alaska Bar Association office and stated that Evans would be out of town until December 28, 1981. He requested an extension of time until January 6, 1982, within which to answer. In a letter dated December 21, 1981, the Alaska Bar Association extended the time during which Evans could respond to January 11, 1982.

Having received no response by February 1, 1982, the Alaska Bar Association filed a Petition for Formal Hearing. Count One alleged that by failing to reply to the Request for Investigation Evans violated Alaska Bar Rule II–11(b). Count Two alleged

that Evan's failure to respond should be treated as a default and therefore the allegations of Methvin's complaint should be accepted as true. The facts alleged indicate that Evans had violated Disciplinary Rules ("DR") 6–101(A)(3)[3] and 7–101(A)(2)[4] of the Code of Professional Responsibility.

Evans filed a Response to the petition in April 1982. He admitted the allegations of Count One relating to his failure to respond and the allegation in Count Two that he "[f]ailed to take or answer telephone calls or answer letters from his client, Mr. Methvin, which calls related to the client's case." Evans denied the allegations that he agreed to perform specified legal services for Methvin, that he failed to perform those services, and that he violated the cited disciplinary rules.

In July 1982, a hearing was held before the Area Hearing Committee of the Alaska Bar Association (the "Committee"). No witnesses were presented by the Alaska Bar Association because Methvin had apparently moved to an unknown address in the Seattle area one and one-half years earlier. Evans testified on his own behalf, describing his failure to respond as the "simple avoidance of an unpleasant subject" and analogizing it to a "mental block":

> I would like to explain why I ignored Mr. Ray's correspondence and this complaint —I've tried to analyze that myself to some degree—knowing full well, of course, that ignoring Mr. Ray's complaint

---

1. Alaska Bar Rule II–14(c) states in part:
   [T]he Administrator . . . shall serve a copy of the Request upon the Respondent, who shall thereafter make full and fair disclosure in writing of all the facts and circumstances pertaining to his alleged misconduct unless his refusal to do so is predicated upon express constitutional or professional grounds, or defenses permitted by the Rules of Civil Procedure. Misrepresentation in such disclosure shall itself be grounds for discipline. Failure to answer within 20 days after service of the Request for Investigation or such further time as may be granted by the Administrator shall be grounds for entry of the Respondent's default, to the same effect as default in civil cases.

2. Alaska Bar Rule II–11 provides in part:

In addition to those standards of conduct prescribed by the Code of Professional Responsibility and the Code of Judicial Conduct, the following acts or omissions . . . shall constitute misconduct and shall be grounds for discipline . . .:
(b) Failure to answer a Request for Investigation or formal complaint in conformity with the Alaska Bar Rules. . . .

3. Alaska Code of Professional Responsibility Disciplinary Rule 6–101(A)(3) states that a lawyer shall not "[n]eglect a legal matter entrusted to him."

4. Disciplinary Rule 7–101(A)(2) of the Alaska Code of Professional Responsibility states that a lawyer shall not intentionally "[f]ail to carry out a contract of employment entered into with a client for professional services . . . ."

I would ultimately end up here, I still did so. I don't know why that happened, but I will say that it wasn't an intentional slight of the bar. I mean (indiscernible) anything, a mental block developed by me on this matter. That's all.

Evans did not claim that he suffered from any physical or emotional condition that would have prevented his response, but asserted that the circumstances which prevented him from personally responding to the Request for Investigation also prevented him from using the services of a colleague or other attorney to respond. Evans stated that he has responded to at least two other investigations relating to client complaints regarding his representation or fees, two of them occurring in approximately the same period during which he failed to respond to Methvin's complaint.

Although Evans' alleged violations of disciplinary rules concerned his attorney-client relationship with Methvin, and although Evans denied those allegations and explained at length why he believed Methvin's allegations were false, Evans did not bring any files to the hearing for reference and did not review any files in preparation for the hearing. Evans asserted that the attorney-client relationship with Methvin had been terminated prior to the time that he ceased responding to Methvin's telephone calls and letters, but could not state when that relationship was terminated other than to say that it was terminated shortly after the trial. Evans also could not recall whether he had responded to a motion for costs and attorney's fees or taken other actions relating to his representation of Methvin. He admitted that he terminated the relationship with Methvin "shabbily" and that he had treated his client "shabbily" even prior to the termination of the relationship.

In its Hearing Committee Report dated September 20, 1982, the Committee concluded that Evans violated Rule II–11(b) by failing to answer the Request for Investigation. As a result of this unexcused failure to answer as required by Rule II–14(c), the Committee deemed admitted the facts alleged in the Methvin complaint, and accordingly found that Evans had twice violated DR 7–101(A)(2) and also had violated DR 6–101(A)(3). In recommending public censure as an appropriate discipline, the report stated:

### RECOMMENDED DISCIPLINE:

In response to questions from the committee, the Respondent advised that he has not been subjected to any prior formal discipline. Any recommended discipline is therefore based solely upon the facts and conclusions in this proceeding.

Although Respondent appeared genuinely apologetic regarding his failure to respond to the investigative inquiry, his failure to bring any information with him that he might refer to, his failure to review the pertinent case file prior to the hearing and his inability to recall pertinent information created an impression that Respondent was being far less than candid with the committee. While contesting the petition for disciplinary action, he made little effort to assist the committee in resolving the issues presented.

As indicated earlier, the committee's findings and conclusions with regard to violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) are based almost entirely upon Respondent's failure to answer the investigative inquiry. Nevertheless, the committee feels that the seriousness of Respondent's conduct requires discipline more severe than a private reprimand by the Disciplinary Board. To recommend otherwise, in view of the extended period of time during which the Respondent failed to answer the investigative inquiry and the inability of the Alaska Bar Association to locate and present required witnesses, would encourage members, including the Respondent, to ignore investigative inquiries and gamble that the complainant or other witnesses would not be available to develop the facts at such later time as the Respondent determines to place the factual allegations in dispute.

After briefing and oral argument before the Disciplinary Board of the Alaska Bar Association, the Disciplinary Board issued a decision in October 1982 that adopted the Committee's report and recommendation. Both Evans and the Alaska Bar Association waived briefing before this court.

## II.  INTERPRETATION OF BAR RULES

In his brief to the Disciplinary Board, Evans challenges the Committee's interpretation of Rule II–11(b) and II–14(c), its findings of fact no. 6, and its consideration of certain facts in recommending public censure.  He concludes that the recommended discipline of a public censure is excessive.

At the outset, we note the applicable standard of review.  Alaska Bar Rule II–15(j) provides that if the Disciplinary Board recommends public censure as an appropriate discipline, "[this] [c]ourt shall review the record and briefs and enter an appropriate order."  Therefore, when determining whether it is appropriate to discipline an attorney, "this court must independently review all factual circumstances surrounding the conduct in dispute." *In re Simpson,* 645 P.2d 1223, 1226 (Alaska 1982).  Despite this "independent evaluation" standard of review, "findings of fact made by the Board are nonetheless entitled to great weight." *Id.*

Evans concedes that the Disciplinary Committee was "perhaps justified" in finding that his failure to respond constituted a default under Alaska Bar Rule II–14(c) and that he therefore violated DR 6–101(A)(3) and DR 7–101(A)(2).  He contends, however, that it was inappropriate also to treat his failure to respond as a violation of Alaska Bar Rule II–11(b).  This rule provides that "[f]ailure to answer a Request for Investigation or formal complaint *in conformity with the Alaska Bar Rules*" is a ground for disciplinary action.  (Emphasis added.)  According to Evans, he acted "in conformity" with Alaska Bar Rule II–14(c) by not filing a response with the Committee because a failure to answer is, he contends,

one of the "appropriate and recognized responses" permitted by Rule II–14(c).

■  We disagree with Evans' contention that "a failure to respond is a type of response contemplated by the Bar Rules."  Alaska Bar Rule II–14(c) states that "Respondent ... *shall* ... make full and fair disclosure in writing of all the facts and circumstances pertaining to his alleged misconduct *unless* his refusal to do so is predicated upon express constitutional or professional grounds, or defenses permitted by the Rules of Civil Procedure."  (Emphasis added.)  The provision in Rule II–14(c) that "Failure to answer ... shall be grounds for entry of the Respondent's default ..." is not the exclusive sanction available against an attorney who refuses to disclose, but rather a statement of one consequence resulting from a failure to respond.  Evans does not contend that his refusal to respond was predicated upon any of the grounds expressly stated as exceptions to the disclosure requirement.  Therefore, Evans' failure to answer in conformity with Rule II–14(c) subjected him to disciplinary measures under Rule II–11(b).

## III.  BOARD FINDINGS AND CONSIDERATIONS

■  Evans next contends that the Committee's sixth finding of fact is contrary to the facts brought out in the hearing.  The finding states in relevant part: "The committee finds that Respondent's failure to answer the Request for Investigation forestalled the investigation and development of the facts in dispute *and resulted in the Bar Association being unable to utilize available process to require attendance of witnesses at a hearing to resolve disputed facts ....*"  (Emphasis added.)  According to information supplied by the Committee, Evans calculates that Methvin left Alaska approximately at the end of January 1981.  Evans contends that even if he had timely answered the first letter from the Alaska Bar Association, "it is unreasonable to believe that the Bar Association would have made any effort to force Methvin to appear at his own expense [from Seattle] at a

hearing regarding these factual allegations."

This speculative reasoning does not render the contested finding of fact erroneous. The Alaska Bar Association states that normally a copy of a respondent's answer to the request is sent to the complainant for further response. If Evans had answered within twenty days after receiving the December 23, 1980, letter, it is possible that the Alaska Bar Association could have subpoenaed Methvin to attend a hearing before he left the area. Therefore, the Committee did not err in finding that Evans' failure to respond forestalled the investigation.

■ Evans also contends that, in any case, there was no need for factual development because his failure to respond to the request resulted in Methvin's allegations being deemed admitted by default. Given this fact, he finds it "especially [e]gregious" for the Committee to hold against him his failure to review the Methvin case file or to bring it with him to the hearing.

This contention ignores several facts. First, Evans denied all but one of Methvin's allegations in his response to the petition for hearing. Second, Evans presented his version of the facts in his initial statement before the Committee. Third, he later indicated surprise that a default may have taken effect before the hearing. Under these circumstances, one would reasonably expect Evans to have had a better grasp of the pertinent facts. Although it may be true that the development of facts would not have affected the finding that the disciplinary rules had been violated, a more complete factual development could have affected the Committee's recommendation of a sanction. Therefore, we believe the Committee's conclusion that Evans "made little effort to assist the committee in resolving issues presented" to be just and well-supported by the record.

## IV. SANCTIONS

■ The last contention by Evans is that the recommended discipline of public censure is excessive. The determination of what discipline is appropriate is based on a consideration of all relevant factors, including any mitigating circumstances and the respondent's prior disciplinary record. *In re Minor,* 658 P.2d 781, 784 (Alaska 1983).

The Board found that to recommend less than a public censure "would encourage members, including Respondent, to ignore investigative inquiries ...." Evans notes that he responded to two other requests for investigation since the time of the Methvin complaint, and therefore he needs "no such encouragement not to ignore requests for investigation." We disagree. A private censure of Evans would indicate to him and others that we do not consider the complete and unexcused failure to respond to a request for investigation to be a serious offense. It would also indicate that an attorney is free to ignore some requests but not others.

The appropriate sanction for a violation of Alaska Bar Rule II–14(c) was discussed in the recent case of *In re Minor.* Similar to Evans, Minor did not review the relevant casefile and failed to make a full and fair disclosure of the facts, despite repeated requests by the Bar Association to do so. Although Minor did not have a prior disciplinary record, there was no evidence of mitigating factors. We held that the failure to respond to a request for investigation was a serious offense and concluded that the sanction of public censure was appropriate:

> Only by this sanction will the Disciplinary Board be assured of the cooperation of attorneys against whom complaints have been filed. Furthermore, this sanction will assure the public that their grievances against attorneys will be investigated and resolved promptly and impartially. In this fashion, respect for the legal profession can be maintained.

658 P.2d at 784.

■ Evans does not have a prior disciplinary record. On the other hand, there is no evidence of mitigating factors. To the contrary, Evans' poor memory of the underlying facts and his failure to review the Methvin file or to bring it to the hearing

tended to exacerbate the evidence that Evans was not making an effort to cooperate with the Alaska Bar Association. In light of this factor, we affirm the recommendation of the Disciplinary Board that Evans be publicly censured.

IT IS ORDERED:

Melchor P. Evans is publicly censured for his violation of Alaska Bar Rule II–11(b) and his violations of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2).

CONNOR, J., not participating.