### In the DISCIPLINARY MATTER INVOLVING Robert M. BECONOVICH, Respondent.

### No. S–5780.

Supreme Court of Alaska.

Nov. 18, 1994.

---

Thomas E. Fenton, Fairbanks, for respondent.

Mark Woelber, Anchorage, for Alaska Bar Ass'n.

Before MOORE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and BRYNER, J. Pro Tem.*

OPINION

COMPTON, Justice.

A grievance was filed with the Alaska Bar Association (Bar) against Robert M. Beconovich. He did not respond. Under Alaska Bar Rule 22(a), his failure to respond was deemed an admission of the allegations in the grievance. In proceedings before the Bar Area Hearing Committee (Committee), and then before the Bar Disciplinary Board (Board), Beconovich requested that the deemed admissions be set aside. Both the Committee and Board declined to do so. The Board, following the general recommen-

dation of the Committee, has recommended to this court that Beconovich be suspended from the practice of law for sixty days. Alaska Bar R. 22(n).

## I. FACTUAL AND PROCEDURAL BACKGROUND

George Clancy retained Beconovich to file a law suit concerning a defective snow machine. When asked by Clancy, Beconovich told Clancy that he had filed the suit. He had not, and never did. Clancy found another lawyer, who then requested that Beconovich deliver Clancy's file. Beconovich was slow in giving it to him. In April 1992, Clancy filed a grievance against Beconovich.

Bar Counsel mailed a copy of the grievance and a demand for response to Beconovich. He did not respond. Bar Counsel sent two reminder letters to Beconovich. He did not respond. In August, Bar Counsel filed a petition for a formal hearing, charging Beconovich with neglect of a client's case, failure to deliver promptly a client's property, misrepresentation to a client, and failure to respond to a grievance. The petition also asserted that the factual allegations were deemed admitted under Alaska Bar Rule 22(a) for failure to respond.[1] The petition was personally served on Beconovich. He did not respond. In December, the Clerk of the Disciplinary Board issued an order stating that the charges in the petition were deemed admitted.

In January 1993 a pre-hearing conference was held before the Committee. Bar Counsel argued that the charges were deemed admitted, and therefore the only issue before the Committee was the sanction to be imposed. Beconovich made the analogy that the deemed admissions in his case were like that of a civil default. He urged the Committee to set aside the admissions and to address the merits of the underlying grievance. The Committee ruled that under the rules it had no power to vacate the admissions. A Sanctions Hearing was held on

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Alaska Bar Rule 22(a) provides in part:
   Failure to answer within the prescribed time, or within such further time that may be grant-

ed in writing by Bar Counsel, will be deemed an admission to the allegations in the grievance.

April 13. At the hearing, Beconovich admitted that he had no "adequate explanation" for his failure to answer the grievance. The Committee recommended that Beconovich be suspended from the practice of law for forty-five to seventy days.

Beconovich appealed to the Board. Board members J. John Franich, Jr. and Brant McGee recused themselves. At the Formal Hearing, Beconovich asked that Franich and McGee be allowed to make a statement on his behalf. Chair Philip R. Volland rejected this request. Beconovich reiterated his objection to deeming his failure to respond to the grievance as an admission of the underlying charges. The Board repeatedly attempted to establish whether there was excusable neglect in Beconovich's failure to respond to the grievance, and whether there were meritorious defenses to the underlying charges. Beconovich's counsel admitted that Beconovich had no "good answer" for his failure to respond. The parties disagreed about the potential meritorious defenses to the underlying charges. The Board held that Beconovich "failed to submit evidence demonstrating a meritorious defense to the grievance and . . . failed to demonstrate excusable neglect." The Board recommended that Beconovich be suspended from the practice of law for sixty days.[2]

## II. *DISCUSSION*

### A. A RESPONDENT ATTORNEY MAY OBTAIN RELIEF FROM THE EFFECT OF BAR RULE 22(a) BY SHOWING A MERITORIOUS DEFENSE AND EXCUSABLE NEGLECT.

Alaska Bar Rule 22(a) states that failure to answer a grievance "within the prescribed time, or within such further time that may be granted in writing by Bar Counsel, will be deemed an admission to the allegations in the grievance." This case raises an issue of first impression: Do the Area Hearing Committee and the Disciplinary Board have the power to relieve a respondent attorney from the operation of Bar Rule 22(a), and if so, what are the proper standards for such relief? There is no Bar Rule on point.

The language of Bar Rule 22(a) appears mandatory. However, the discretion granted to Bar Counsel to extend the time for an answer undercuts a mandatory reading of the Rule. Further, the structure of the Bar Rules implies a grant of power to Committees and the Board to proceed in accordance with generally accepted procedures. For example, Bar Rules on attorney discipline often incorporate civil or appellate rules by reference. *See* Alaska Bar R. 24(d) (discovery governed by Rules of Civil Procedure); Alaska Bar R. 25(a) (interlocutory appeal governed by Rules of Appellate Procedure); Alaska Bar R. 18 (statute of limitations governed by "traditional principles of tolling, equity, and due process"). The Committees are the principal fact-finding bodies in the attorney discipline process. Alaska Bar R. 12(i). The Board reviews and modifies or adopts the findings, conclusions, and recommendations of the Committees. Alaska Bar R. 10(c)(5). These are both adjudicatory functions. *See In re Walton*, 676 P.2d 1078, 1083 (Alaska 1983) (noting that the Bar President, who appoints members of the Committee and is a member of the Board, serves in an adjudicatory position).

Under Bar Rule 10(c)(11), the Board has the power to "adopt regulations not inconsistent with these Rules." Although the Board has not adopted a specific regulation governing this issue, we conclude from our review of the Bar Rules that the Committee and the Board have the power, under limited circumstances, to relieve a respondent attorney from the effect of the attorney's failure to respond to the grievance.

Beconovich analogizes the procedural posture of his case to that of a civil litigant

---

2. Prior to the Board's recommendation in the present case, Beconovich was reprimanded publicly for neglecting another client's affairs and failing to respond to that underlying grievance. That reprimand occurred in June 1992. In the present case, Beconovich's client neglect is not a repeat offense, because this client neglect occurred prior to his earlier reprimand. *See In re Minor*, 681 P.2d 1347, 1350 (Alaska 1983) (respondent attorney should have an opportunity to reform his or her behavior). However, his failure to answer this grievance is a repeat offense because instances of his failure to answer occurred after his reprimand in that earlier case.

seeking relief from an *entry of default* under Alaska Civil Rule 55(e), as was the case in *Hertz v. Berzanske,* 704 P.2d 767 (Alaska 1985). The Board analogizes it to relief from a *default judgment* under Alaska Civil Rule 60(b), a situation addressed in *Rapoport v. Tesoro Alaska Petroleum Co.,* 790 P.2d 1374 (Alaska 1990). Both require a showing of a meritorious defense to the underlying claim. *Rapoport,* 790 P.2d at 1377 n. 3; *Hertz,* 704 P.2d at 771 & n. 5. Relief from a default judgment under Civil Rule 60(b) requires an additional showing of excusable neglect. *Rapoport,* 790 P.2d at 1377. Civil Rule 55(e) is more lenient; relief from an entry of default may be granted for "good cause." To determine if good cause has been shown, a court must consider "whether the defendant has established the required meritorious defense, prejudice to plaintiffs, the culpability of defendant's conduct, the length of the period of default, the size of any potential award to plaintiffs, and alternative sanctions against the defendant." *Hertz,* 704 P.2d at 771. In *Hertz,* we held that it was possible for the moving party to show good cause without presenting an explanation of the reasons for the failure to answer. *Id.* Indeed, one commentator notes that "[r]elief from a default entry may be granted under Federal Rule 55(c) for 'good cause shown.' This requires the moving party to provide an explanation for the default *or* to give reasons why vacation of the default entry would serve the interests of justice." 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure* § 2696, at 513 (2d ed. 1983) (emphasis added). Thus a moving party can show good cause even though he cannot show excusable neglect.

■ We must determine whether the *Hertz* or *Rapoport* standard is more appropriate for relief from the operation of Bar Rule 22(a). Bar Counsel resists either analogy, but argues that even under the *Hertz* standard, Beconovich has shown neither good cause for the failure to answer nor a meritorious defense to the underlying claims. At first glance, the interlocutory nature of an order deeming charges admitted seems more like an entry of default than a full default judgment. However, the affirmative duty of the respondent attorney to cooperate in the

grievance process convinces us otherwise. "Each member of the Bar has the duty to assist Bar Counsel in the investigation, prosecution, and disposition of complaints filed with or by Bar Counsel." Alaska Bar R. 9(b). When respondent attorneys fail to comply with this imperative, they should be compelled to explain the failure. We conclude that a respondent attorney must show a meritorious defense *and* excusable neglect to warrant relief from the operation of Bar Rule 22(a).

Before the Committee, Beconovich said that he had no "adequate explanation" for failing to respond to the grievance. Before the Board, Beconovich's attorney said that Beconovich had no "good answer" to these questions. This is not excusable neglect. We do not reach whether there are meritorious defenses to the underlying claims.

B. DISQUALIFIED MEMBERS OF THE DISCIPLINARY BOARD MAY TESTIFY TO RELEVANT FACTS BUT NOT THE GENERAL CHARACTER OF THE RESPONDENT ATTORNEY.

■ In response to Beconovich's request that the disqualified Board members be allowed to testify on his behalf, the Chair of the Board stated:

I believe that the purpose of recusal among board members in disciplinary matters is not to mix the personal knowledge of board members of a respondent with the deliberative process and, more importantly, not to allow that information to come into play in a board's deliberations along with the particular and unique relationship that board members have among one another. I don't think that a presentation by Mr. McGee or Mr. Franich on Mr. [Beconovich's] behalf in the course of this proceeding would be any different than an argument that they might make in deliberations by the board, and for that reason I would consider it to be inappropriate and overrule your request.

In our view a recused board member may be precluded from testifying as to the general good character of a respondent because of

the potential for an appearance of impropriety. To allow disciplinary board members routinely to step down and vouch for the character of the accused attorney might serve to confirm the skepticism of aggrieved clients as to the effectiveness of bar grievance procedures. However, a board member recused because of personal knowledge of relevant evidence concerning the underlying grievance generally should be allowed to testify to this evidence. Further, if a board member has particular testimony relating to the character of the respondent, and this testimony goes beyond merely vouching for the good character of the respondent, such specific testimony should be allowed in the interest of fairness. If Beconovich intended that the recused Board members testify to such relevant evidence, his failure to make an offer of proof constituted a waiver. "Ordinarily, a party waives its right to challenge the exclusion of evidence unless an offer of proof as to the substance of the evidence is made at the time the evidence is excluded." *Agostinho v. Fairbanks Clinic*, 821 P.2d 714, 717 (Alaska 1991); *see also* Alaska R.Evid. 103(a)(2). We see no reason why this general rule of evidence should not apply to disciplinary proceedings.

### C. THE SANCTION.

■ We exercise our independent judgment in determining an appropriate sanction in attorney discipline cases. *In re Schuler*, 818 P.2d 138, 139 (Alaska 1991). Nonetheless, we give "serious consideration to the recommendations of the Area Hearing Committee and the Disciplinary Board" of the Bar. *In re Stump*, 621 P.2d 263, 266 (Alaska 1980). Further, "[w]e determine the appropriate sanction ... on a case by case basis," *Burrell v. Disciplinary Bd.*, 777 P.2d 1140, 1143 (Alaska 1989), guided by the *American Bar Association Standards for Imposing Lawyer Sanctions* (1986) (ABA Standards), and its methodology. *Burrell*, 777 P.2d at 1143; *In re Buckalew*, 731 P.2d 48, 51–52 (Alaska 1986). ABA Standards' methodology instructs us to look to the nature of the ethical duty violated by the attorney, the attorney's mental state, the extent of the actual or potential injury to a client, and any aggravating or mitigating factors. The Com-

mittee and Board similarly are guided by the ABA Standards and methodology in arriving at their own recommendations.

■ The transcript of the Sanctions Hearing held before the Committee on April 13, 1993 discloses that the Committee members inquired into the actual or potential harm to Beconovich's client, the aggravating factor of a repeat offense, and the mitigating factor of inexperience in the practice of civil law. The parties and the Committee refer specifically to the ABA Standards and methodology. However, there is no discussion of how these elements relate to the range of sanctions recommended by the Committee. The Committee's order of April 23 merely acknowledges that Beconovich's conduct "is governed by the American Bar Association Standards for Imposing Lawyer Sanctions."

The transcript of the Formal Hearing held before the Disciplinary Board on June 8, 1993 reveals that little attention was given to the ABA Standards and methodology. The Board "voted unanimously to adopt the findings, conclusions and recommendations of the [Hearing] Committee," without a separate application of the ABA Standards and methodology to Beconovich's conduct. There is no discussion of how the ABA Standards and methodology led the Board to recommend a sixty-day suspension. Thus we are left with only the Board's incorporation of the Committee's one sentence reference to aid us in determining whether the sanction the Board has recommended is appropriate.

Though mindful of our authority to apply our independent judgment in fashioning an appropriate sanction, and thereby impose a sanction different than that recommended by either the Committee or the Board, we are reluctant to engage in original analysis.

### III. CONCLUSION

■ An Area Hearing Committee or the Disciplinary Board has the authority to set aside a deemed admission upon a showing by the respondent attorney that his or her failure to answer the grievance was the result of excusable neglect, and that he or she has a facially meritorious defense to the underlying charges. In this case, we conclude that the

Board did not err in refusing to adjudicate the merits of the underlying charges against Beconovich. The record amply supports the Board's finding that Beconovich had not shown that his failure to respond was the result of excusable neglect.

If Beconovich intended that the recused Board members testify to Beconovich's good character, the Board did not err in excluding their testimony. Had Beconovich intended that they testify to relevant evidence regarding the underlying grievance, the Board would have erred had it excluded their testimony. Since Beconovich failed to make an offer of proof regarding the substance of the recused members' testimony, he has waived his right to challenge its exclusion.

We are not able to determine whether the sanction recommended by the Committee or Board should be adopted by this court. The record does not contain an analysis of Beconovich's conduct under ABA Standards and methodology, or any other articulable standard. We remand the grievance to the Board for a redetermination of a recommended sanction, utilizing either the ABA Standards and methodology, or some other articulable standard.