[L.A. No. 30625. Nov. 10, 1976.]

LOU SANCHEZ, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

## COUNSEL

Fielder & Fielder, Hugh Fielder and Mary L. Fielder for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

## OPINION

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar that petitioner be suspended from the practice of law for three months. Petitioner was admitted to practice law in California in 1961 and has no prior disciplinary record.

Petitioner was charged in two counts of violating his oath and duties as an attorney (Bus. & Prof. Code, §§ 6067, 6068, 6103) and the commission of acts involving moral turpitude and dishonesty (Bus. & Prof. Code, § 6106), in that he was grossly negligent in the handling of matters entrusted to him by his clients.

JARAMILLO MATTER (Count I)

On or about November 14, 1967, petitioner's office was retained to represent Mr. Victor Jaramillo in a personal injury matter. Jaramillo paid petitioner $300. Petitioner had earlier defended Jaramillo in a criminal matter that resulted in a dismissal. Jaramillo claimed to have been mistreated when arrested by the police, and a civil complaint for damages was filed against the City of San Diego. The action was dismissed for failure to serve summons within three years.

Petitioner testified that he had not seen Jaramillo following the conclusion of the criminal matter and did not know that a civil complaint had been filed by his office until notified by the State Bar that Jaramillo had complained against him. After the file was found in the "dead files,"

petitioner apologized to Jaramillo and accepted responsibility for the dismissal. He offered to repay him $300, which Jaramillo refused because he had filed a malpractice action against him.

Petitioner testified that he did not know who prepared the complaint; that he did not prepare it; that the signature thereon was not his; and that his name was signed by an employee who was not authorized to practice law. He was a sole practitioner and the only employees were a law student and secretaries, none of whom was authorized to sign his name to any documents.

ALFARO MATTER (Count II)

Mrs. Anna Alfaro paid petitioner $210 to represent her in a personal injury action, and a complaint was filed July 27, 1967. The only services performed by petitioner were the preparation of interrogatories, appearing with Mrs. Alfaro at a deposition in 1968, and the filing of an at-issue memorandum on August 13, 1971. He signed neither the complaint nor the at-issue memorandum. On September 22, 1972, the action was dismissed for failure to bring it to trial within five years.

About a year before the five-year statute expired, petitioner instructed his secretary to prepare a motion for an early trial setting. She did not do so until shortly before the expiration date when she prepared the motion, a declaration in support thereof, and points and authorities. She signed petitioner's name to the documents and arranged for an attorney who sometimes made appearances for petitioner to attend the hearing. She did not tell petitioner that the motion was denied.

Petitioner's secretary falsely informed Mrs. Alfaro that trial had been set for September 7, 1972. When Mrs. Alfaro telephoned petitioner on September 6 to confirm the trial date, petitioner informed her that there was no trial set for the 7th. He did not check the file, and it did not occur to him that the five-year statute had already run. It was not until sometime in January 1973 when Mrs. Alfaro made further inquiry that petitioner discovered the action had been dismissed. He accepted responsibility for the dismissal and offered to pay her $400.

The local committee found and concluded that on both counts petitioner was grossly negligent in permitting circumstances to exist by which employees not authorized to practice law could sign his name to

legal documents. In the Alfaro matter he was grossly negligent in failing to establish any internal calendaring system to record deadlines with regard to litigation and failing to reveal to his client on September 6, 1972, that the five-year statute had run. The committee recommended 30 days' suspension. The disciplinary board approved the committee's findings and by a vote of 11 to 3 recommended 3 months' suspension.

■ The burden is on petitioner to show that the findings of the board are not supported by the evidence or that its recommendation is erroneous or unlawful. (*Geffen* v. *State Bar* (1975) 14 Cal.3d 843, 852 [122 Cal.Rptr. 865, 537 P.2d 1225].) ■ Petitioner has failed to meet this burden.

Petitioner's attempt to discredit Jaramillo's credibility by asserting that the $300 check was in payment of services theretofore rendered in the criminal matter deserves little consideration. Through his counsel, petitioner stipulated with the State Bar examiner that Jaramillo had retained his office to represent him in a personal injury matter. He is bound by that stipulation. (*Spindell* v. *State Bar* (1975) 13 Cal.3d 253, 260 [118 Cal.Rptr. 480, 530 P.2d 168].) The fact that petitioner did not know someone in his office prepared and filed the complaint does not exonerate him, because the board's conclusion that he was grossly negligent rested upon his responsibility to supervise the work of his employees. (*Vaughn* v. *State Bar* (1972) 6 Cal.3d 847, 857 [100 Cal.Rptr. 713, 494 P.2d 1257].)

In the Alfaro matter, petitioner does not dispute the finding of gross negligence in allowing pleadings to be signed by an office employee not authorized to practice law. He concedes that he was negligent in not following through to determine whether his instructions to prepare the motion for an early trial setting were followed, but argues that the latter was not gross negligence because of his secretary's failure to inform him that the motion had been denied. As in the Jaramillo matter, petitioner is responsible for the supervision of his staff. Reasonable attention on his part would have disclosed the improprieties. (*Vaughn* v. *State Bar, supra,* 6 Cal.3d 847, 857-859.) Apart from his secretary's misconduct, petitioner knew in mid-1971 that the Alfaro case was in danger of dismissal under the five-year statute. Yet when Mrs. Alfaro telephoned him on September 6, 1972, regarding a trial date, it did not occur to him that the statute had already run. Had he looked at the file he would have discovered that the motion for an early trial setting had been denied. Instead he did

nothing further until Mrs. Alfaro again phoned early in 1973, at which time he pulled the file and discovered the action had been dismissed.

There is ample evidence to sustain the findings of gross negligence. "Gross carelessness and negligence constitute a violation of the oath of an attorney to discharge faithfully the duties of an attorney to the best of his knowledge and ability and involve moral turpitude, in that they are a breach of the fiduciary relation which binds him to the most conscientious fidelity to his clients' interests. [Citations.]" (*Simmons* v. *State Bar* (1970) 2 Cal.3d 719, 729 (4) [87 Cal.Rptr. 368, 470 P.2d 352]; *Doyle* v. *State Bar* (1976) 15 Cal.3d 973, 978 (2) [126 Cal.Rptr. 801, 544 P.2d 937].)

It is ordered that petitioner be suspended for 3 months, the order to be effective 30 days after the filing of this opinion. It is further ordered that within one year from the effective date of this order, petitioner pass the Professional Responsibility Examination. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929].)