[S.F. No. 23669. Jan. 31, 1978.]

CARLTON R. INNISS, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Milton Nason for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar (hereafter the board) that Carlton R. Inniss be suspended from the practice of law for three years.

The board filed with this court an order approving a stipulation as to facts and discipline, thereby terminating the proceeding pursuant to rule 25.40 of the State Bar Rules of Procedure. The order recommends that petitioner, who was admitted to practice in 1963, be suspended for three years on conditions of probation, including (1) actual suspension for the first four months, (2) proof of restitution to four clients totaling $2,609.15, (3) regular reports regarding the status of his clients' trust funds, (4) passing the Professional Responsibility Examination, and (5) compliance with the provisions of the State Bar Act, the Rules of Professional Conduct, and rule 955 of the California Rules of Court.

Petitioner's stipulation with the State Bar admitted the underlying facts and the charges against him, and concurred in the recommended punishment. He did not file a petition for review until he was informed by this court that we were considering the imposition of more severe sanctions. Petitioner does not dispute the stipulated facts, but he now denies that he has failed to discharge properly his professional responsi-

bilities, and also challenges the appropriateness of the sanctions imposed by the board.

The Rules of Procedure are ambiguous as to the binding effect of stipulations between an attorney and the State Bar. Rule 25.40 states that stipulations shall be "without prejudice" to the parties until "final action" has been taken. However, rule 27.20 states that "The stipulations . . . shall bind the parties, unless the hearing panel, for good cause, rejects, or relieves the parties from, such binding effect." We have previously held that attorneys seeking review of disciplinary proceedings are bound by stipulations made with the board. (*In re Duggan* (1976) 17 Cal.3d 416, 422 [130 Cal.Rptr. 715, 551 P.2d 19].) However, our opinion in *Duggan* relied on *Spindell* v. *State Bar* (1975) 13 Cal.3d 253, 260-261 [118 Cal.Rptr. 480, 530 P.2d 168], which preceded the enactment of rule 25.40. *Duggan* did not address the "without prejudice" language of rule 25.40, and neither case resulted in imposition of more severe sanctions by this court. (See also *Sanchez* v. *State Bar* (1976) 18 Cal.3d 280, 284 [133 Cal.Rptr. 768, 555 P.2d 889].)

■ We have concluded that, as a general rule, the attorney should become bound by the factual recitals in a stipulation once the board has entered its findings, conclusions and recommendations. Thereupon, if this court has announced it is considering imposition of more severe sanctions than those recommended, we may relieve the attorney from the binding effect of the stipulation. Ordinarily, however, the stipulated *facts* may not be contradicted; otherwise, the stipulation procedure would serve little or no purpose, requiring a remand for further evidentiary hearings whenever the attorney deems it advisable to challenge the factual recitals. On the other hand, fundamental fairness seems to require us to relieve an attorney from the *legal conclusions* to which he may have agreed solely because the recommended punishment seemed to him fair and reasonable.

Accordingly, we proceed to review the charges against petitioner and to make an independent appraisal of their legal effect. Rather than unnecessarily extending this opinion by specific reference to the stipulated facts, it is sufficient to note that the record discloses seven separate instances of professional misconduct consisting of (1) failure to render or finish legal services after receiving a retainer therefor; (2) failure to respond to clients' inquiries; (3) failure to deposit clients' funds in a trust account; (4) misrepresentation regarding refund of legal fees; (5)

withholding legal fees from clients' funds without prior agreement therefor; and (6) showing disrespect to the trial court.

■ As previously noted, petitioner stipulated to the foregoing misconduct, but he now contends that the evidence fails to support a finding that his actions were wilful, as required by law. (See Bus. & Prof. Code, §§ 6067, 6068, 6103, 6106.) Petitioner relies generally upon the chaotic condition of his business affairs and his lack of personal funds during the period in question. He explains that in 1969 he moved his law office from Berkeley to San Francisco where he used the living room of his apartment as his office. He paid another attorney a monthly fee to gain access to a law library and to receive his mail. In 1973, he moved to Sausalito because the pressure of "living with the work" became too great, and the library arrangement in San Francisco became unavailable. He arranged to use the office of another San Francisco attorney to receive mail, meet clients and use the library. He spent little time in an office setting, had no secretary and lapsed into the habit of not picking up his mail and not answering his telephone calls.

Petitioner asserts that his misconduct was not wilful, as it was caused by the chaotic state of his practice and his own lack of funds. Neither of these factors, however, affects the wilfulness of his conduct in misappropriating his client's funds. Moreover, we have held that where a pattern of habitual offenses exists, even though the offenses may individually amount to no more than negligence or gross negligence, such consistent misconduct can only be regarded as deliberate and wilful. (*Ridley* v. *State Bar* (1972) 6 Cal.3d 551, 560 [99 Cal.Rptr. 873, 493 P.2d 105]; *Grove* v. *State Bar* (1967) 66 Cal.2d 680, 683 [58 Cal.Rptr. 564, 427 P.2d 164].) We conclude, therefore, that petitioner's misconduct in the seven matters before this court must be considered as wilful misconduct in violation of his oath and duties as an attorney and that petitioner has failed to meet his burden of showing that the board's findings are not supported by the evidence. (E.g., *Nizinski* v. *State Bar* (1975) 14 Cal.3d 587, 595 [121 Cal.Rptr. 824, 536 P.2d 72].)

■ We have advised petitioner that we are considering whether the sanctions recommended by the board are too lenient. The board determined that petitioner should be suspended from practice for three years, including four months actual suspension, and a probation subject to numerous conditions set forth above. Although the recommended punishment may seem lenient for petitioner's repeated and serious misconduct, petitioner has shown substantial mitigating circumstances.

His misconduct in three of the seven matters (failure to perform legal services) was assertedly due to his decision to postpone legal action while awaiting resolution of a test case. This decision, while wrong, was apparently made in good faith, a matter to be considered in imposing discipline under rule 6-101 of the Rules of Professional Conduct. Petitioner also explains that his misconduct was in part attributable to the chaos of his practice and his impecuniousness. To correct these conditions, petitioner has moved to Oakland where most of his clients are located. He will use a portion of his apartment as an office and is in the process of procuring a full time answering service and a regular part time secretary. He intends to arrange a more formal office setting upon completion of his actual suspension. In addition, petitioner has been cooperative and displayed candor by stipulating to the facts and admitting his transgressions.

It should be noted, however, that petitioner received a public reproval in 1976 for professional misconduct in two matters. The misconduct involved misrepresentation as to when funds would be refunded, misrepresentation of the status of a case, failure to perform services, and failure adequately to represent clients. Although the pattern of neglect is strikingly similar, the misconduct involved in the present proceeding with minor exceptions occurred *prior* to the 1976 disciplinary proceedings; there is no evidence that petitioner's pattern of neglect has continued beyond the 1976 proceeding.

Petitioner claims that the recommended punishment is "contradictory" in that a four-month actual suspension will only worsen his financial situation and make it more difficult to establish the orderly office procedures which are necessary if he is to more faithfully perform his obligations to his clients. However, a review of other cases indicates that a four-month suspension is not overly severe discipline.

In *Nizinski v. State Bar, supra,* 14 Cal.3d 587, for example, we imposed two years' actual suspension for failure to perform services for three clients, misrepresentation of the status of matters to clients and failure to put clients' funds to their intended use. In *Persion v. State Bar* (1973) 9 Cal.3d 456 [107 Cal.Rptr. 708, 509 P.2d 524], we suspended an attorney for three years including one year actual suspension after he misappropriated clients' funds.

Where, however, mitigating circumstances are present, this court has tended to order actual suspension of six months or less. In *Demain v.*

*State Bar* (1970) 3 Cal.3d 381 [90 Cal.Rptr. 420, 475 P.2d 652], we imposed five years' suspension with six months' actual suspension where Demain had in three cases misrepresented the status of cases, failed to perform services and failed to return funds to clients. We found mitigating circumstances in that Demain had been under great financial stress, had a serious drinking problem, and was making promising efforts to solve that problem. In *Doyle* v. *State Bar* (1976) 15 Cal.3d 973 [126 Cal.Rptr. 801, 544 P.2d 937], we suspended an attorney for three years on probation with no actual suspension where Doyle twice had retained fees without performing services and twice had misrepresented the status of cases to clients. We found mitigating circumstances in that Doyle had had serious emotional problems, was remorseful and was willing to accept discipline.

Petitioner's misconduct is more serious than that involved in the *Demain* and *Doyle* cases, because there are more incidents of professional misconduct and in one instance petitioner commingled and misappropriated funds from his client. As punishment for the offense of misappropriation of funds, this court has imposed actual suspension ranging from three months (*Himmel* v. *State Bar* (1971) 4 Cal.3d 786 [94 Cal.Rptr. 825, 484 P.2d 993]) to one year (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742 [111 Cal.Rptr. 905, 518 P.2d 337]). However, unlike most of the cases discussed herein, there is no allegation that petitioner misrepresented the status of cases to his clients.

Although this court has imposed more severe discipline when appropriate, we attach great weight to the disciplinary recommendations of the board. (*Silver* v. *State Bar* (1974) 13 Cal.3d 134, 147 [117 Cal.Rptr. 821, 528 P.2d 1157]; *In re Duggan, supra,* 17 Cal.3d 416, 423.) The four-month suspension imposed by the board appears to be within the range which is normal for a case of this type, although it may be on the "lenient end" of the disciplinary spectrum. There appear to be genuine mitigating circumstances, and petitioner has agreed to set up a client's trust account and to adopt more orderly office procedures in order to avoid instances of misconduct in the future. Under these circumstances, imposition of a longer period of suspension would serve to make successful establishment of regular office procedures more difficult. We therefore conclude that the discipline recommended by the board is appropriate and should be followed.

It is ordered that petitioner be, and he is, suspended from the practice of law for a period of three years. Execution of such suspension is stayed

for the period of three years, during which period he is placed on probation upon the conditions of actual suspension for the first four months and that he comply with the conditions set forth in "Stipulation as to Facts and Discipline for Termination Pursuant to Rules 25.40 and 27.30, Rules of Procedure" entered into between Francis P. Bassios, examiner for the State Bar, and Carlton Inniss on November 12 and 13, 1976, which conditions we hereby adopt. It is further ordered that within 30 days after the effective date of this order petitioner shall perform the acts specified in rule 955, subdivision (a), California Rules of Court, and that within 40 days after the effective date of this order petitioner shall file with the clerk of this court, with proof of service of a copy on the State Bar at its San Francisco office, and affidavit containing the matters specified in subdivision (c) of the foregoing rule. This order is effective 30 days after the filing of this opinion.