[S.F. No. 24141. Sept. 22, 1980.]

WILLIAM B. OLGUIN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

William J. Murphy for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Magdalene Y. O'Rourke for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review the recommendation of the Disciplinary Board of the State Bar of California that petitioner be suspended from practice for 18 months, that said suspension be stayed and petitioner be put on probation on certain terms and conditions among which is that he be actually suspended for the first 90 days of his probation period.

The board's recommendation resulted from its approval of a stipulation as to facts and discipline pursuant to rules 25.40 and 27.30 of the Rules of Procedure of the State Bar. (See now rule 407, Rules Proc. of State Bar.) In this stipulation petitioner admitted certain facts and charges against him and concurred in the recommended punishment. He did not file a petition for review until this court advised him that it contemplated increasing the recommended penalty by expanding the actual suspension to a period of not more than one year. Petitioner does not dispute the stipulated facts, as he is bound by the factual recitals in the stipulation. (See *Inniss* v. *State Bar* (1978) 20 Cal.3d 552, 555 [143 Cal.Rptr. 408, 573 P.2d 852].) Rather, he urges us to follow the disciplinary board's recommendation.[1] We conclude that the actual suspension should be increased from the recommended 90 days to a period of 6 months.

---

[1]Petitioner recognizes this court's power to deviate from the recommended discipline. In fact, the stipulation included the proviso that "the nature and extent of discipline

Petitioner, who was admitted to the bar in 1964, was convicted of a violation of 18 United State Code section 911 (false claim of citizenship) in August 1976. In December 1976, this court placed petitioner under interim suspension from the practice of law and referred the matter to the State Bar for a recommendation as to the nature and extent of discipline to be imposed. In August 1977, the interim suspension order was vacated when this court approved the State Bar's recommended discipline of private reproval.

At the time of his suspension petitioner was representing Irma Vergara in an action for damages for dental/medical malpractice. She had moved to Stockton and consulted an attorney there, Walter Hastings, about representing her. Hastings wrote petitioner on three occasions between January and June 1977, to obtain a status report and the files concerning Vergara's case. Petitioner's failure to respond prompted Hastings to complain to the State Bar. In October 1977, the State Bar wrote petitioner to call his attention to the complaint. In late November 1977, petitioner wrote Hastings and forwarded copies of documents from his files. Hastings, however, believed the file was incomplete and requested further material by letter in December 1977. Petitioner believed that all material had been forwarded and did not respond to Hastings' letter. Hastings did not become attorney of record. The case was ultimately dismissed for failure to bring it to trial within five years as required by Code of Civil Procedure section 583, subdivision (b). Petitioner failed to appear at the hearing on the motion to dismiss and subsequently made an unsuccessful attempt to have the dismissal vacated on the ground that he had mistakenly believed he was no longer attorney of record.

Petitioner admitted that his failure to promptly provide his client with status reports and to promptly respond to inquiries from substitute counsel constituted a failure to use reasonable diligence and sound judgment in protecting his client's interest in violation of rule 6-101(2) of the Rules of Professional Conduct.

The second charge of misconduct arose from petitioner's conduct during the State Bar's investigation of the Vergara matter. In November 1978, during an informal preliminary investigation, petitioner told the informal hearing officer that he had forwarded to Hastings a substitu-

---

agreed to herein...shall not bind the Supreme Court of the State of California in its independent determination in assessing a proper degree of discipline to be imposed."

tion of attorneys and had given or mailed a notice of suspension to Vergara and/or opposing counsel. A few days later petitioner presented to the State Bar purported office copies of those documents at the request of the informal hearing officer. Petitioner admitted that these statements were untrue and that the documents were fabrications intended to deceive the informal investigation committee and to avoid culpability in the abandonment charge. Petitioner further admitted that the fabrications were prepared by his office staff and that although he did not know of their bogus nature at the time he presented them, he learned of it shortly thereafter and continued to assert their authenticity for a substantial period of time.

Petitioner admits that this conduct constituted a violation of his oath and duties as an attorney in violation of Business and Professions Code sections 6067 and 6068 and rule 7-105(1) of the Rules of Professional Conduct.

The essential issue presented by petitioner relates to the penalty to be assessed for the conduct described in the stipulation. As stated, petitioner urges that the recommendation of the disciplinary board be accepted by this court.

In reviewing actions of the State Bar, great weight is given to its disciplinary recommendation. (*Innis* v. *State Bar, supra*, 20 Cal.3d 552, 558.) However, it is within the power and it is a duty of this court to exercise its independent discretion in fixing the appropriate discipline (*Weir* v. *State Bar* (1979) 23 Cal.3d 564, 576 [152 Cal.Rptr. 921, 591 P.2d 19]; *Greenbaum* v. *State Bar* (1976) 15 Cal.3d 893, 904 [126 Cal.Rptr.785, 544 P.2d 921]). In approaching the task of determining the discipline to be imposed, the court is mindful that the "principal objective of such [disciplinary] proceedings is to protect the public and the judiciary from the official ministrations of persons unfit to practice law." (*In re Arnoff* (1978) 22 Cal.3d 740, 746-747 [150 Cal.Rptr. 479, 586 P.2d 960]; see also *Black* v. *State Bar* (1972) 7 Cal.3d 676, 688 [103 Cal. Rptr. 288, 499 P.2d 968].)

The dereliction of duty displayed by petitioner in the Vergara matter would by itself warrant the disciplinary order recommended by the State Bar. (See *Taylor* v. *State Bar* (1974) 11 Cal.3d 424 [113 Cal.Rptr. 478, 521 P.2d 470].) Thus, if this were the only count before us the matter might well have come to an earlier conclusion. Unfortunately, the second count causes more concern. In the course of the

investigation of Hastings' complaints relating to the Vergara matter, petitioner made representations which he now admits were false and were made with the intent to avoid culpability for abandoning his client. He also presented fabricated documents to the State Bar and continued to assert their authenticity after learning of their bogus nature.

 It is the duty of an attorney in maintaining causes confided to him to employ only such means as are consistent with truth, and to refrain from misleading any judge or any judicial officer by artifice or false statement of the law; the same duty applies to proceedings conducted by the State Bar (*Barreiro* v. *State Bar* (1970) 2 Cal.3d 912, 926 [88 Cal.Rptr. 192, 471 P.2d 992]). We have noted that false testimony on a material issue is a serious breach of basic standards as well as a breach of the attorney's oath of office and his duties as an attorney. Grounds for disciplinary action will lie even though no harm results from such wrongful acts. (*Ibid.*)

An attorney's use of deceit has received strong condemnation by this court. A recommendation of disbarment was followed by this court when an attorney, in addition to other acts of misconduct, was found on numerous occasions to have deceived both his clients and various State Bar committees investigating the charges against him. (*Ridley* v. *State Bar* (1972) 6 Cal.3d 551, 561 [99 Cal.Rptr. 873, 493 P.2d 105].) In *Worth* v. *State Bar* (1978) 22 Cal.3d 707, 711 [150 Cal.Rptr. 273, 586 P.2d 588], we observed that even worse than the attorney's misappropriation of his client's funds was his fraudulent and contrived misrepresentation to the State Bar—misrepresentation which he continued to make even before this court. In *Cain* v. *State Bar* (1979) 25 Cal.3d 956, 961 [160 Cal.Rptr. 362, 603 P.2d 464], we reaffirmed our view that fraudulent and contrived misrepresentation to the State Bar may constitute perhaps a greater offense than misappropriation and ordered disbarment based upon such acts as well as other repeated acts of misconduct over an extended time. When conduct of the type here under scrutiny has occurred in the absence of mitigating circumstances, disbarment has been ordered. (E.g., *Cain* v. *State Bar, supra*; *Worth* v. *State Bar, supra*.)

In deciding what discipline is warranted, each case must be decided on its own facts; there are no fixed standards as to the appropriate remedy. (*Doyle* v. *State Bar* (1976) 15 Cal.3d 973, 978 [126 Cal.Rptr. 801, 544 P.2d 937].) We deal here with the conduct of an attorney whose violation of his duty to a client has been aggravated by his decep-

tion directed at the very body whose function it is to determine his fitness to practice. Petitioner has suffered one prior disciplinary action, resulting ultimately in a private reproval, after a conviction for false claim of citizenship. (18 U.S.C. § 911.)[2] The conviction arose as a result of petitioner's having falsely represented under oath, when registering to vote in September 1977, that he was a citizen of the United States. Thus while the record may not depict a continuous course of conduct over an extended period of time to deceive governmental agencies so as to warrant disbarment the record does demonstrate at least two occasions where deceptive conduct took place. Under the circumstances shown in the record before us it appears proper that the period of actual suspension should be fixed at six months.

Accordingly, it is ordered that petitioner be suspended from the practice of law for a period of 18 months, that execution of this order be stayed and petitioner be placed on probation for that period on the condition that he be actually suspended from the practice of law for the first 6 months of said period of probation, and that he comply with the additional conditions of probation set forth in the stipulation except that the dates that the reports specified therein are to be filed are December 1, 1980, March 1, 1981, June 1, 1981, September 1, 1981, December 1, 1981, and March 1, 1982.

It is further ordered that petitioner comply with California Rules of Court, rule 955; performance of those acts required in subdivisions (a) and (c) of said rule shall be accomplished within 30 and 40 days, respectively, after the effective date of this order.

This order is effective 60 days after the filing of this opinion.

Newman, J., concurred in the result.

---

[2]At the sentencing proceeding in the United States District Court the judge stated that the crime was not one involving moral turpitude. Although this court imposed an interim suspension, pursuant to Business and Professions Code section 6102, subdivision (c), we referred the matter to the State Bar for determination of the nature and extent of discipline to be imposed. The State Bar accordingly recommended private reproval, and its recommendation was approved by this court.